IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

NICOLE GOKEY,

                             Plaintiff,

  v.                                                  OPINION and ORDER

ROOKSIDE MHP, LLC,
BROOKSIDE MH SALES, LLC,                          25-cv-117-jdp
and JOSHUA K. BARRON,

                             Defendants.

---

Nicole Gokey, proceeding without counsel, alleges that defendants Brookside MHP, LLC, Brookside MH Sales, LLC, and their manager Joshua K. Barron committed misconduct in litigating a state-court eviction action against her. *See Brookside MHP LLC v. Michalak*, Washington County Case No. 2024SC1569.[1] The court has already granted her leave to proceed without prepayment of any portion of the filing fee. Dkt. 3.

The next step is for me to screen the complaint and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. *See* 28 U.S.C. § 1915. In doing so, I must accept Gokey's allegations as true and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

Gokey's current complaint (under a different surname) is similar to one she filed against the same defendants in June 2024; I dismissed Gokey's complaint for failing to state a claim

---

[1] Available at https://wcca.wicourts.gov.

that this court can hear. *Michalak v. Brookside MHP, LLC*, No. 24-cv-416-jdp, 2025 WL 89266, at *1 (W.D. Wis. Jan. 14, 2025). I will dismiss this case for similar reasons.

Gokey's allegations are somewhat difficult to follow, but I take her to be saying that Brookside started an eviction lawsuit against her even though she paid the amount of rent that she was owed, got an eviction judgment, yet kept the rent money. Among other relief, Gokey asks for the eviction judgment to be vacated and for criminal charges against defendants. But I cannot vacate the judgment issued by the state court. *See Gilbank v. Wood Cnty. Dep't of Hum. Servs.*, 111 F.4th 754, 772 (7th Cir. 2024). Nor can this court initiate criminal proceedings.

Gokey contends that Brookside's actions violated the Fair Debt Collection Practices Act (FDCPA). But courts have previously concluded that landlords are not "debt collectors" under the FDCPA when they seek to collect past-due rent owed to them. *See, e.g.*, *Carter v. Am. Mgmt. Consultants, LLC/Riverstone Apartments*, No. 09 C 7181, 2010 WL 3527600, at *2 (N.D. Ill. Sept. 2, 2010), *aff'd sub nom. Carter v. AMC, LLC*, 645 F.3d 840 (7th Cir. 2011).

Without a federal claim, this court cannot consider any state-law claims that Gokey seeks to bring unless she were to show that the requirements for the court's diversity jurisdiction are met: that she and defendants are citizens of different states and that more than $75,000 is in controversy. 28 U.S.C. § 1332. Gokey doesn't meet either of these requirements; she states that both she and all of the defendants are Wisconsin citizens, and she doesn't explain the amount of damages that she seeks.

The Court of Appeals for the Seventh Circuit has cautioned against dismissing an unrepresented plaintiff's case without giving them a chance to amend the complaint. *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016). But in this case, dismissal of this lawsuit is

appropriate because there isn't any reason to think that Gokey could amend her complaint to fix the problems discussed above.

ORDER

IT IS ORDERED that:

1. This case is DISMISSED.

2. The clerk of court is directed to enter judgment accordingly and close this case.

Entered March 19, 2025.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge

3